UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | | |
|---|---|---|---|
| Beatriz Martinez | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| None Appearing | None Appearing | |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I.      Introduction

On July 12, 2012, plaintiff Christopher M. Wilson ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  The Complaint alleges deliberate indifference, negligence, infliction of emotional distress, and equal protection claims against three defendants:  J. Newton ("Newton"); D. Curry ("Curry"); and L. Rampenthal ("Rampenthal") (collectively, "Defendants").  (Compl. at 6.)  Each defendant is sued in his or her individual capacity alone.  (*Id*.)

As currently pled, the Complaint warrants dismissal, but Plaintiff is afforded leave to amend.

## II.     Allegations of the Complaint

Plaintiff alleges that in October 2011, prison officials informed him that he was to be involuntarily transferred from California Men's Colony Prison ("CMC") to Wasco State Prison ("WSP").  (Compl. at 12.)  Although Plaintiff told Defendants that he feared for his safety at WSP, Defendants insisted that the transfer was mandatory.  (*Id*. at 13-14.)  Plaintiff transferred to WSP in December 2011.  (*Id*.)

Less than two weeks after his transfer, Plaintiff was assaulted by two inmates "because [he] came from California Men's Colony."  (*Id*. at 15.)  Plaintiff thereafter requested transfer to another facility or, alternatively, to remain in administrative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

segregation, but prison officials denied both requests.  (*Id*. at 18-20.)

Based on the above allegations, Plaintiff advances four claims against Defendants.  In his first claim for relief, Plaintiff alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.  (*Id*. at 22.)

In his second and third claims for relief, Plaintiff alleges that Defendants were negligent in transferring Plaintiff without concern for his physical safety, and that Defendants' conduct caused him mental distress.  (*Id*. at 22, 31-32.)

Finally, Plaintiff's fourth claim for relief purports that Defendants violated his rights to "Equal Protection . . . [and] interest and safety."  (*Id*. at 27.)

Plaintiff seeks compensatory damages totaling $500,000.  (*Id*. at 6.)

## III.   Legal Standards

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.  Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In making this determination, a complaint's allegations must be accepted as true and construed in the light most favorable to plaintiff.  *Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1990).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the complaint allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. The Complaint Fails to State a Section 1983 Claim Against Defendants in Their Individual Capacities

Plaintiff sues Defendants only in their individual capacities, but fails to allege specific facts connecting them to a deprivation of Plaintiff's constitutional rights.

"In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Vague and conclusory allegations of official participation in civil rights violations are insufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the connection between Defendants, on the one hand, and Plaintiff's injuries, on the other, is simply too attenuated to state any claim for individual liability. *See Ivey*, 673 F.2d at 268. For example, there is no indication that Defendants could have known that Plaintiff was legitimately susceptible to an attack at WSP. And Plaintiff has not provided any evidence demonstrating *why* he believed he would be assaulted after his transfer, other than his own self-serving and largely conclusory allegations. In fact, Plaintiff appears to admit that his attack may have been the *first* of several on CMC transferees at WSP, suggesting that prison officials were unaware of any such pattern of assaults. (Compl. at 18-19.)

There is also no indication whatsoever that Defendants acted beyond their authority in transferring Plaintiff. *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prison transfers constitutional even where they involve "long distances and an ocean crossing"); *U.S. v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).

Accordingly, Plaintiff has failed to state a claim against any of the Defendants in their individual capacities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

## V. **Plaintiff Fails to State a Claim Under the Eighth Amendment**

Many of Plaintiff's allegations focus on his claim that Defendants acted with "deliberate indifference" to his physical safety. (Compl. at 22.) Specifically, Plaintiff contends that Defendants transferred him to another prison even though they "had actual knowledge of the potential danger" in effectuating such a transfer. (*Id*. at 13, 15, 22-32.)

The Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when (1) the deprivation alleged is "objectively, sufficiently serious," and (2) the prison officials acted with deliberate indifference. *Id*. at 834; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

Deliberate indifference entails more than mere negligence. *Farmer*, 511 U.S. at 835. Accordingly, prison officials act with deliberate indifference if they knew the prisoner faced a substantial risk of serious harm, but "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 847. On the other hand, prison officials who take reasonable measures to protect inmates are not liable for an Eighth Amendment violation, even if the potential harm ultimately occurs. *See Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).

Here, Plaintiff fails to allege sufficient facts to support his claim of deliberate indifference. First, Plaintiff does not demonstrate that Defendants had "more than a mere suspicion that an attack will occur." *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Moreover, and as discussed above, Plaintiff's conclusory allegation that he was attacked because was transferred from CMC does not explain how Defendants could have known that Plaintiff was legitimately susceptible to such an attack.

Second, Defendants' alleged "personal participation" in Plaintiff's injuries are too vague to support his Eighth Amendment claim. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676. Defendants neither personally attacked Plaintiff nor was Plaintiff in their custody when attacked. It is unclear what reasonable measures, if any, were available to Defendants to ensure Plaintiff's safety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

As a result, Plaintiff has failed to adequately allege a claim for deliberate indifference against the Defendants.

## VI. Plaintiff Fails to State an Equal Protection Claim

Plaintiff claims Defendants' actions somehow violated equal protection. The only basis for this allegation appears to be Plaintiff's statement that his "interest and safety were abridged," presumably through his transfer to WSP. (Compl. at 27.)

To state a claim under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must allege that the defendants acted with an intent or purpose to treat him differently from others who were similarly situated and that the discrimination was premised either on his membership in a protected class or lacked a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Prisoners, moreover, have no liberty interest in avoiding being transferred to another prison. *See Olim*, 461 U.S. at 245; *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976) ("That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated. . .").

Here, Plaintiff's equal protection claim is so vague that the Court cannot even ascertain what, if anything, Plaintiff is alleging. Plaintiff has also failed to demonstrate that he is a member of a protected class, or that his transfer was the result of being treated differently from similarly situated individuals. Thus, Plaintiff has not adequately stated an equal protection claim against Defendants.

## VII. Plaintiff's State Law Claims

Plaintiff also alleges causes of action for negligence and infliction of emotional distress, presumably based on California law. (Compl. at 6.) Since Plaintiff has failed to state a federal constitutional claim, however, the Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction" over state law claims where the court "has dismissed all claims over which it has original jurisdiction . . ."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

court should decline the exercise of jurisdiction by dismissing the case without prejudice").

## VIII. Leave to File an Amended Complaint

As the Court is unable to determine whether amendment to the Complaint would be entirely futile, leave to amend is granted in an abundance of caution. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) Within **30 days of the date of this Order**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action**.

2) If Plaintiff chooses to file a First Amended Complaint, he must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining: (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-5809 GW (JCG) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Christopher M. Wilson v. J. Newton, *et al.* | | |

4) Any amended complaint supersedes the Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). After amendment, the Court will treat the Complaint as nonexistent. *Id.* Any claim that was raised in the Complaint is waived if it is not raised again in the First Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

cc: Parties of Record

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | bm | |